THREADGILL, A.C.J.,
Dissenting.
Because the majority opinion suggests that the State must prove that a defendant has represented himself or herself as the holder of a credit card in order to establish a violation of section 817.61, Florida Statutes (1999), I respectfully dissent. The evidence in this case shows that A.M. stole her mother’s credit card, a violation of section 817.60(1), Florida Statutes (1999). The evidence also shows that she presented the card to several merchants, falsely represented that she had permission to use the card, and obtained items of value. These facts constitute a violation of section 817.61, fraudulent use of a credit card.
Chapter 817 is entitled Fraudulent Practices. It is divided into three parts. This ease involves a violation of part II, Credit Card Crimes. Sections 817.60 and 817.61 are included in part II. A.M. was charged and tried for a violation of section 817.61.
Section 817.61, in pertinent part, states as follows: “A person who, with intent to defraud ... uses, for the purpose of obtaining money, goods, services, or anything else of value, a credit card obtained or retained in violation of this part ... violates this section” (emphasis added). The statute also allows for the offense to be committed in another way where a defendant obtains property by representing *647 himself or herself as the holder of the card. That alternative was not proven in this case. The State, however, presented sufficient evidence from which the trier of fact could have determined that A.M. obtained merchandise in violation of section 817.61 by using a credit card obtained in violation of “this part,” i.e., section 817.60(1). A.M.’s intent to defraud is supported by evidence that she falsely represented that she had permission to use her mother’s card.
Although not a model pleading, I believe the petition was sufficient to put A.M. on notice of the charge against her, and it was not of a nature to mislead or prejudice her in the preparation of her defense. See Fla. R. Juv. P. 8.035(d). Rule 8.035(d) states:
[n]o petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice the child in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
Notably, A.M. never requested a statement of particulars, and the dispute at trial centered on whether she had permission to use the card. The trier of fact resolved the dispute in favor of the State. I would affirm.